## DAILEY *v.* BLAKE.

| 35 | 29 |
| 69 | 458 |

When a verdict is directed by the court against a party, and there is evidence introduced by such party, competent to be considered by the jury, and having a tendency to sustain the issue on his part, the verdict must be set aside, even though the evidence be slight.

Where the defendant made a contract with D. & H., who were in partnership, to do his blacksmith work, and to pay for the same in specific articles, and after- wards the partnership was dissolved, but D. continued to do work in the shop as formerly, and the defendant, without any knowledge of a dissolution of the firm, or any notice of a termination of the contract, came and had work done, — *held,* in an action by D. for the work done by him, that these facts were competent to go to the jury as tending to show a defence.

ASSUMPSIT. First count for labor and materials ; second, on an account annexed.

Plea, the general issue.

The items of the account were admitted. They were for blacksmith work done after the dissolution of the partnership, hereinafter mentioned.

For the defence, Cyrus Hurd testified that he was in partnership with the plaintiff. The defendant came to their shop, and asked them if they would do work for him and take their pay in things off his farm, wood and rye. This was before we did any work for him. The plaintiff and witness were both present. We told him we would take some produce, and do his work. The defendant had no work done at that time. He came after and had work done, and asked us if we wanted any produce of him. Did not name any thing in particular except some rye.

Alfred S. Blake testified that the defendant went to Dailey & Hurd's in August, 1854. The defendant asked them if they would do his work and take pay in produce. They said they would; wood, and such articles as he had to sell.

The court ruled that this evidence constituted no defence to this action, and directed a verdict for the plaintiff.

The defendant excepted, and filed his exceptions, which were allowed; and the case was brought to this court for determination.

*Lane*, for the defendant. The defendant's evidence proved a special contract, binding upon the parties to this action, and which was in law a good defence. 1 Greenl. Ev., sec. 462. At all events, it presented the question to be found by the jury, whether the contract had not been renewed between the parties; and the verdict must be set aside.

*Wheeler & Faulkner*, for the plaintiff. The defendant's evidence was wholly irrelevant, and was properly rejected. It had no tendency to show a state of facts which could constitute a defence to the plaintiff's case.

To establish the defence which the defendant wished to make out, he must show that the plaintiff, acting for himself alone, and in his own capacity, contracting with reference to this work, agreed to take payment for it in specific articles.

Dailey *v.* Blake.

.The fact that a partnership, of which the defendant was a member, had once made such a contract, had no tendency to prove the defence.

The facts shown and the facts which the defendant desired to establish, had no such necessary or natural connection that the jury would have been warranted in inferring the latter from the former. If the plaintiff, having performed the labor, had demanded produce of this defendant, and on his refusal or neglect to deliver it had commenced a suit, declaring on the contract stated by the defendant's witnesses, such declaration would have been demurrable. A similar result would follow if the defendant had commenced a suit against the plaintiff for non-performance of the labor, declaring, either upon a contract between the plaintiff and himself, or upon the contract stated by the defendant's witnesses.

EASTMAN, J. The items of account annexed to the plaintiff's writ were admitted at the trial, but the court ruled that the evidence offered by the defendant would constitute no defence to the action, and directed a verdict for the plaintiff. Was this ruling correct ?

The defendant's evidence had a tendency to show a special contract with Dailey & Hurd, to pay for the work done by them in specific articles. Whether the defendant at any time offered to pay for that work, or whether they ever demanded payment, does not appear. Nor does it appear whether any such offer was made by the defendant to the plaintiff, or whether any demand was made upon the defendant for payment before this suit was brought. These are questions which might require some examination if the facts in the case, as it comes here, raised them. They may have come out upon the trial, but they do not appear upon the bill of exceptions, unless perhaps by implication, and we do not propose to consider them.

When a verdict is directed by the court against a party, and there is evidence introduced by such party competent to be considered by the jury, and having a tendency to sustain the issue

on his part, the verdict must be set aside, even though the evidence be slight. The province of the court is to determine upon the competency of evidence, and not upon its sufficiency.

Was then the defendant's evidence competent to be submitted to the jury, as tending to show a special contract between the parties for the payment of the plaintiff's account? We think that it was. He had made a contract with Dailey & Hurd to do his blacksmith work and to take their pay therefor in produce from his farm. There was no evidence that the defendant knew that the firm was dissolved. Dailey continued to work in the same shop, at least so we take the fact to have been; and the defendant came and had his work done. In the absence of any knowledge of a dissolution of the firm, he might well suppose that he was having the work done upon the contract; and the plaintiff in giving him no information as to the dissolution, and no notice of a termination of the contract, might have been willing to have the contract continue, and to do the work as formerly.

We do not express any opinion as to the weight of the evidence, but we think it was competent to have been submitted to the jury, and not having been, the verdict must be set aside and

*A new trial granted.*